The judgment of the court was pronounced by
Slidell, J.
The transcript in this case was filed on the 12th May, 1849, which was within three judicial days after the return day named in the order of appeal granted on the 1st May, 1849. On the 14lh May, the three judicial days having not yet expired, the appellee appeared and moved to dismiss the appeal on the following grounds : 1st. The appeal was returnable on the 1st Monday (the 7th) of May, and the appeal bond was only filed on the 10th of May. 2d. The amount in controversy is not sufficient to confer jurisdiction on this court. 3d. The certificate of the clerk is insufficient; the record is defective, not containing all the evidence adduced.
The grounds will be considered in the order in which they have been presented.
1st. It is well settled, that an appellant is in time if he file the transcript within three judicial days after the return day mentioned in the appeal. In a case of devolutive appeal, where the bond was filed only two days before the return day, we refused to dismiss the appeal. As the days of grace allowed to the appellant are practically an extension of the return day, and as the bond here was filed before the expiration of those days of grace, we are not disposed to dismiss the appeal on that ground. It must be observed, that we are now considering the case of a devolutive appeal, and that the ground for dismissal is the mere time of filing the bond, without the suggestion of any other circumstance tending to show either injury or inconvenience to the appellee. He has the right of executing his judgment; for the appeal is devolutive. He has the obligations of the appellants and their surety for the amount; which the court below prescribed in conformity to the requisitions of the law in cases of devolutive appeal; and it is not pretended that the legal effect of this obligation is impaired by the fact that it was not executed at an earlier day. He has, in legal contemplation, lost no time in bringing his cause to a hearing upon appeal; for the appellants had of right three judicial days after the return day for filing the transcript, until which filing this court could not hear the cause, nor even assign a day for its hearing. The appellee, then, presents a case where there is no loss, no delay, no inconvenience.
*32 In concluding that the first ground for dismissal is untenable, we are not to be understood as saying that such a procrastination might not, in concurrence with other circumstances, constitute a legitimate ground for dismissal. A case might occur where, from the tardy filing of the' bond, the citation might be irregular, or wholly wanting, and such inequality or absence of citation might be attributable to the appellant’s own fault and not that of the clerk or sheriff. In such, and other cases that may arise, without now anticipating their decision, we may say that the propriety of sustaining the appeal would at least be very questionable. In the present, no other circumstances are suggested in. aid of the naked objections that the bond was filed after the return day; and to that objection alone our present opinion is directed.
2d. The question of jurisdiction is free from difficulty. The amount in dispute, as presented by the petition, is clearly above the sum of $300. The-plaintiff alleges himself to be the owner of a slave which he holds under a chain of title set forth in the petition. Certified copies of the various deeds of sale were annexed to and made part of the petition. He alleges that he paid the price stated in the deed under which he immediately holds. The price-stated in this deed is $900; and it appears from the other deeds that the slave' had been repeatedly sold at that date. His complaint is, that the slave being his property has been illegally seized upon an execution, against a third person, and that he has suffered damages to'the amount of $150. His prayer is fin-an injunction to restrain the plaintiff and the sheriff from proceeding to a sale of the property; for final judgment quieting him in his title and possession; and for $150 damages. The controversy therefore involved not merely the sum laid as damages, but the ownership and right of possession of a slave, which, for the purposes of the present question, may be fairly presumed to be worth more than $300.
3d. The clerk’s certificate states that the transcript contains all the evidence upon which the cause was tried, except the executions in White & Co. v. Rice, upon which the seizure of the slave was made. If this certificate stood alone it would be defective; but it is followed by a copy of the execution, duly certified by the same clerk as a copy of the writ offered in evidence, and annexed to the transcript. This makes the transcript complete.
Upon the merits, the only point which need be noticed is the objection, that the record shows no citation of Maunsel White & Co., the present appellants, against whom judgment by default was rendered and confirmed in the court below. No service of citation is exhibited by the record, nor was there any appearance by them, prior to their petition of appeal. The objection is fatal.
It is therefore decreed, that the judgment of the district court be reversed, and that this cause be remanded for further proceedings according to law; the plaintiff paying the costs of the appeal.